MELINDA HAAG (CASBN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

AUTUMN R. PORTER (CABN 240750)
Special Assistant United States Attorney

 Defense Language Institute – Criminal Law
 1336 Plummer Street, Building 275
 Monterey, CA  93944
 Telephone: (831) 242-6394

Attorneys for Plaintiff

FILED

DEC - c 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALINAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No.: CR11-00511-MAG |
|  Plaintiff, ) | STIPULATION AND ORDER EXCLUDING TIME |
| vs. ) | |
| ROBERT DONALD FLORES, ) | |
|  Defendant. ) | |

 On December 5, 2011, the parties in this case appeared before the Court. The parties jointly requested that the case be continued to February 6, 2012 at 9:00 a.m. for a status conference. In addition, the parties request an exclusion of time under the Speedy Trial Act, from December 5, 2011 to February 6, 2012 at 9:00 a.m. The parties agree and stipulate that an exclusion of time is appropriate for potential disposition.

/

/

/

/

STIPULATION AND ORDER EXCLUDING TIME  1
CASE NO: CR11-00511

| | |
|---|---|
| SO STIPULATED: | MELINDA HAAG<br>United States Attorney |

DATED: Dec 7, 2011         /S/
                           AUTUMN R. PORTER
                           Special Assistant United States Attorney

DATED: Dec 8, 2011         /S/
                           MANNY ARAUJO
                           Counsel for ROBERT DONALD FLORES

## ORDER

Accordingly, for good cause shown, the Court HEREBY ORDERS that time be excluded under the Speedy Trial Act from December 5, 2011 to February 6, 2012. The Court finds, based on the aforementioned reasons, that the ends of justice are served by granting the requested continuance and outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §3161(h)(8)(A) and (B)(iv).

IT IS SO ORDERED.

DATED: 12/8/11

                           HOWARD R. LLOYD
                           United States Magistrate Judge